IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 24-36-JLH |
| ) | |
| KYLE SCOTT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Defendant has moved to suppress evidence. (D.I. 37.) The government responded. (D.I. 39.) The motion will be denied.[1]

Defendant seeks to suppress evidence seized from a January 23, 2024 search of the property located at 52 Lingo Dr., Dover, Delaware. The search was conducted by the Delaware State Police pursuant to a search warrant issued by the Delaware State Justice of the Peace Court #2. (D.I. 37, Ex. A (Search Warrant and Affidavit); D.I. 39, Ex. A (same).) Defendant argues that the warrant lacked probable cause and that the good faith exception does not apply. (D.I. 37 at 5–11.)

In the context of considering a motion to suppress, this Court is required to give deference to the probable cause determination of the judicial officer who issued the warrant. *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010) (citing *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). The Court examines "whether 'the magistrate had a substantial basis for concluding that probable cause existed.'" *Id.* (quoting *Gates*, 462 U.S. at 238). "[D]oubtful or marginal cases . . . should be largely determined by the preference to be accorded to warrants." *Id.* (quoting *Gates*, 462 U.S. at 237 n.10).

---

[1] Defendant has not requested an evidentiary hearing.

Probable cause is a "fluid concept" that "turns on the assessment of probabilities in particular factual contexts." *Id.* (quoting *Gates*, 462 U.S. at 232). A judicial officer reviewing an application for a search warrant must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (quoting *Gates*, 462 U.S. at 238). Probable cause is a "practical, nontechnical conception" that may be inferred from "the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide evidence." *Id.* (internal marks omitted) (quoting *United States v. Jones*, 994 F.2d 1051, 1056 (3d Cir. 1993)).

The Court has no trouble concluding that the warrant was supported by probable cause. The affidavit states, among other things, that two different confidential informants reported that Defendant Kyle Scott was distributing heroin out of his home at 52 Lingo Dr. (D.I. 37, Ex. A ¶¶ 3, 11.) The police used those informants to make controlled buys of suspected heroin from Defendant at his home on four separate occasions between September 2023 and January 2024. (*Id.* ¶¶ 3–7, 10–11.) In addition, during that same time period, officers on surveillance saw multiple other individuals coming to and from the residence and conducting what appeared to be hand-to-hand drug transactions with Defendant. (*Id.* ¶ 8.) During those interactions, police also "observed [Defendant] coming to and from the detached garage as well as entering various vehicle[s] which are parked throughout the property." (*Id.*)

Defendant contends that the affidavit "is based on conclusory statements rather than probable cause." (D.I. 37 at 8.) I disagree. Defendant suggests that the affidavit contained no facts supporting the assertion that the confidential informants were reliable, but the reliability of a tip may be shown by "independent 'police corroboration of details of an informant's tip.'" *Stearn*,

597 F.3d at 555 (cleaned up) (quoting *Gates*, 462 U.S. at 241).  Here, two informants reported that Defendant was a heroin dealer, and both made controlled buys of suspected heroin from Defendant.  *United States v. Gallo*, 110 F. App'x 265, 268 (3d Cir. 2004) (successful controlled purchase of drugs was sufficient to show that an informant's tip was reliable).  Although the affidavit states that the suspected heroin purchased from Defendant "was not tested due to the potential risk of fentanyl exposures" (D.I. 37, Ex. A ¶¶ 5–7, 11), both informants turned over some type of substance to the officers after the controlled buys.  Under the totality of the circumstances, that is sufficient.  *See Gates*, 462 U.S. at 243 n.13 ("[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.").

Defendant points out that the property "includes a car repair business where a detached garage and non-functioning vehicles are expected to be found" (D.I. 37 at 4), and he says that the fact that he was "seen interacting with unknown individuals by surveillance officers is more aligned with car repair work rather than drug dealing" (*id.* at 9).  Maybe so.  But regardless of whether the surveillance on its own would have established probable cause, the surveillance combined with the two controlled buys certainly did.  *Cf. District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018) (explaining that "probable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts" and instructing courts to ask "whether a reasonable officer could conclude—considering all of the surrounding circumstances, including the plausibility of the explanation itself—that there was a 'substantial chance of criminal activity.'" (quoting *Gates*, 462 U.S. at 243 n.13)).

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to suppress evidence (D.I. 37) is DENIED.

Dated: October 7, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

4